**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| IN RE ROY R. WALTON, JR., | DOCKET NO. 21-12433-pmm |
|---|---|
| Debtor. | CHAPTER 13 |

**STIPULATION**

AND NOW, this ___13th___ day of __April____, 2022 Roy R. Walton, Jr. ("Debtor") and Annette C. Walton ("Claimant"), by and through their respective counsel, hereby stipulate and agree as follows:

1. <u>Annette C. Walton.</u>  Annette C. Walton is an adult individual residing at 130 Spring Grove Court, Birdsboro, Pennsylvania 19508 (hereinafter the "Claimant").

2. <u>Debtor.</u> Roy R. Walton, Jr. is an adult individual residing at 3345 Montrose Avenue, Laureldale, Pennsylvania 19605 (hereinafter the "Debtor").

3. <u>Bankruptcy Petition</u>.  On October 4, 2021 the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, Title 11 U.S.C. docketed at No. 21-12433-pmm in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Reading Division.

4. <u>Proofs of Claim.</u>  On November 1, 2021 the Claimant filed two proofs of claim, which the Debtor has objected to, in the above-referenced bankruptcy proceeding, asserting claims as follows:

   a. Claim 4-1 in an amount of $2,086.36 plus "future payments" indicated as being an unsecured claim in the nature of a domestic support obligation arising from a

Divorce Decree entered May 18, 2021 by the Court of Common Pleas of Berks County, Pennsylvania at Docket No. 15-4184 ("Claim 4), and;

b. Claim 5-1, filed by Claimant while unrepresented in an amount of $15,000.00 for a motorhome/recreational vehicle (which Claimant now believes after research to be worth significantly less and which Debtor listed on his schedules as worth $2,000.00 and which was fully exempted), which Claimant alleges she was given the right to under the Divorce Decree referenced hereinabove ("Claim 5") (collectively with Claim 4 known as the "Claims").

5. <u>Stipulation.</u> In an effort to avoid the uncertainty and expense of litigating the issues raised in the Objection, the parties have agreed to enter into this Stipulation and Consent Order ("Stipulation").

6. <u>Stipulation as to Claims.</u> Claimant and Debtor have agreed as follows:

a. Debtor agrees the Claimant is entitled to receive, in the nature of domestic support, a payment of $521.59 per month from Debtor's pension – presently in pay status – with the Greater Pennsylvania Carpenters' Union Fund, or any successor entity thereof, and will immediately execute a Qualified Domestic Relations Order ("QDRO") to effect such payments within thirty (30) days of the date of this Stipulation;

b. Claimant agrees, upon execution of said QDRO and acceptance of the same by the above-referenced Greater Pennsylvania Carpenters' Union Fund, to accept payment of the claim outside of the bankruptcy plan.

c. Debtor and Claimant mutually agree Claimant will execute a deed transferring her interest in the marital residence located at 3345 Montrose Avenue, Laureldale,

Pennsylvania 19508 ("Marital Residence") to the Debtor, which can then be immediately recorded. The costs of preparation and recording of the aforementioned deed shall be solely borne by the Debtor;

d. Debtor and Claimant agree Section A.1 of the Divorce Decree relating remain in full force and effect. Debtor agrees to seek refinancing or modification of the current mortgage on the Marital Residence in order to remove Claimant's name from all obligations for the same. Should Debtor fail to obtain such refinancing or modification by May 18, 2024, or should Debtor seek to sell or otherwise dispose of the Marital Residence prior to obtaining such refinancing or modification, Debtor agrees the Marital Residence shall be listed for sale by a reputable realtor and sold. If Marital Residence is sold prior to Debtor obtaining a refinancing or modification as set forth, Debtor and Claimant agree proceeds shall be first applied to any outstanding mortgage balance on, the Debtor shall retain the difference between the mortgage balance at the time of sale and the mortgage balance as of May 18, 2021, and any remaining proceeds shall be divided equally between Claimant and Debtor. Debtor and Claimant agree such division, if necessary, is contemplated as being in the nature of support for the future upkeep and welfare of the Claimant, and is not dischargeable.

e. At the same time as Claimant executes the deed for the Marital Residence to Debtor as contemplated and set forth in 6.d above, Debtor agrees to transfer title to the 1999 Winnebago Motorhome to Claimant, solely. Claimant will bear the costs of this this transfer. Claimant agrees to hold such title until the earlier of (i) the Debtor obtaining refinancing or modification of the mortgage on the Marital Residence to remove the Claimant from the same, or (ii) the payment of the Claimant's portion of the proceeds

of sale of the Marital Residence in the event such refinancing or modification is not obtained by the Debtor. Upon the occurrence of condition, Claimant agrees to transfer title of the 1999 Winnebago Motorhome back to Debtor, with all costs of such transfer to be borne by Debtor. Should Debtor fail to obtain the refinancing or modification contemplated in 6.d, cause the Marital Residence to be sold by operation of law through a failure to pay mortgage obligations timely, or fail to pay all proceeds due to Claimant under 6.d upon sale, Claimant and Debtor mutually agree the 1999 Winnebago Motorhome shall remain the sole property of Claimant and Debtor releases all claim to the same.

f. Upon transfer of the title to the 1999 Winnebago Motorhome to Claimant, Claimant shall within thirty (30) days thereafter withdraw Claim 5.

7. <u>No Prejudice.</u> In the event this case is dismissed or converted to a Chapter 7 proceeding, the terms of this Stipulation will be deemed null and void and without prejudice to the Claimant, and the Claimant will be entitled to enforce seek enforcement of the Divorce Decree of May 18, 2021 in the appropriate court as necessary and appropriate. In furtherance thereof, in the event this case is converted to a Chapter 7 proceeding the Claimant may file a further Amended Proof of Claim.

8. <u>Counterparts.</u> This Stipulation may be executed in two (2) or more counterparts, each of which will be deemed an original (including facsimile and electronic image signatures), and all such counterparts will be deemed to be one and the same instrument.

IN WITNESS WHEREOF, the undersigned have caused this Stipulation to be executed on the date set forth above.

                                    LAU & ASSOCIATES, P.C.

                                    By:   /s/ Shawn J. Lau
                                           Shawn J. Lau, Esquire
                                           Attorney for Annette C. Walton, Claimant

                                    By:   /s/ Brenna H. Mendelsohn
                                           Brenna H. Mendelsohn, Esquire
                                           Attorney for Roy R. Walton, Jr., Debtor